UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KAELEE ANNE NORWALT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-565-PPS-AZ |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

### OPINION AND ORDER

Kaelee Anne Norwalt, a prisoner without a lawyer, filed a complaint against the Allen County Jail. [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Norwalt's complaint is a bit threadbare. As best I can tell, Norwalt alleges that she was charged $92 by the Allen County authorities for damaging a mat that had been provided to her. But she claims the mat was in poor condition when she first received it and so she wants "reimbursement" for the charge and "monetary damages" for her "mental duress." [DE 1 at 4]. As an initial matter, Norwalt is suing the "Allen County Jail" which is a building, not a "person" or policy-making body that can be sued for

constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

What's more, the United States Constitution is not some balm that a prisoner can apply every time she is unhappy with what has taken place while she is in custody. For example, in this situation, although Norwalt's funds on deposit at the jail are unquestionably property under the Due Process Clause, she cannot proceed on a Due Process claim. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."). The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But the loss of property, alone, does not state a claim under the Fourteenth Amendment. That amendment requires a loss of property *without due process*.

Here, Indiana provides plenty of process for Norwalt to use if she believes property has been wrongfully taken from her, and that process satisfies the due process clause. Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). These state laws provide a method for Norwalt to seek reimbursement for the negligent loss or intentional deprivation of property, and that meets the requirements of the due process clause by providing due

2

process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Thus, additional process remains available to Norwalt, and the complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: April 14, 2025.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT

3